DORSEY & WHITNEY LLP
Bruce R. Ewing
Fara S. Sunderji
51 West 52nd Street
New York, New York 10019
(212) 415-9200

*Attorneys for Plaintiffs Cooperstown Properties, LLC and Cooperstown Dreams Park, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| COOPERSTOWN PROPERTIES, LLC and COOPERSTOWN DREAMS PARK, INC., | Case No. |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | |
| DREAM PARK IMMERSIVE INC., | |
| Defendant. | |

## COMPLAINT

Plaintiffs Cooperstown Properties, LLC and Cooperstown Dreams Park, Inc. (collectively, "Plaintiffs"), for their Complaint against Defendant Dream Park Immersive Inc. ("DPI") allege as follows:

### INTRODUCTION AND SUMMARY OF RELIEF REQUESTED

1.  For nearly thirty years, Plaintiffs have used the DREAMS PARK trademark in connection with youth services, specifically organizing youth baseball leagues and conducting youth baseball tournaments that have attracted hundreds of thousands of parents and children from across the country, including from this District. Plaintiffs bring this action to stop

Defendant DPI from misleading the public and trading on Plaintiffs' goodwill and reputation through the adoption and unauthorized use of the functionally equivalent designation "DreamPark," which DPI began using this year in connection with mixed-reality theme parks, attracting both children and parents specifically designed to encourage active, outdoor play.

2. Plaintiffs have initiated this action to put a halt to the unauthorized use of the unauthorized DreamPark designation, and to prevent confusion of the public. Plaintiffs also seek monetary relief and the recovery of their reasonable attorneys' fees.

## JURISDICTION AND VENUE

3. This is a civil action arising out of DPI's infringement of certain federally registered trademarks owned and used by Plaintiffs, false designations of origin and false representations, and unfair competition, in violation of §§ 32(1) and 43(a)(1)(A) of the U.S. Trademark Act of 1946, *as amended* (the "Lanham Act"), 15 U.S.C. §§ 1114(1) and 1125(a)(1)(A); for trademark dilution under New York State law; and trademark infringement and unfair competition under the common law of the State of New York.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

5. This Court has personal jurisdiction over DPI as it has purposely directed substantial commercial activities in this State and, on information and belief, derives or has derived revenue from continuous and systematic business activities, including in interstate commerce, purposely directed to this State and this District. In addition, DPI operates a website accessible at the URL <visitdreampark.com> that is accessible in this State and this District, and on which DPI is using the DreamPark designation without authorization, causing a likelihood of confusion among consumers in this State and in this District. By virtue of these actions, DPI has

purposefully availed itself of the privilege of conducting business in this State and in this District and is subject to jurisdiction in this Court.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this District, and because DPI is subject to the Court's personal jurisdiction in this District.

## PARTIES

7. Plaintiff Cooperstown Properties, LLC ("Cooperstown Properties") is a North Carolina limited liability company. Cooperstown Properties is licensed and registered to do business in New York and is the federal registrant and owner of the trademarks DREAMS PARK and COOPERSTOWN DREAMS PARK.

8. Plaintiff Cooperstown Dreams Park, Inc. ("Dreams Park, Inc.") is a North Carolina corporation licensed and registered to do business in New York that operates the Cooperstown Dreams Park youth baseball facility in Cooperstown, New York. With Cooperstown Properties, to which it is related through common ownership and otherwise, Dreams Park, Inc. has provided world-class youth baseball camp services for nearly thirty years.

9. On information and belief, Defendant DPI is a Delaware limited liability company with a principal place of business located in Wrightwood, California. Upon information and belief, DPI operates the website accessible at <visitdeampark.com> and the virtual reality theme parks located in Santa Monica, Seattle and Long Island that have given rise to the claims pleaded herein.

## FACTS IN SUPPORT OF PLAINTIFFS' CLAIMS

10. For nearly thirty years, Plaintiffs have operated a youth baseball camp in New York State.

11.     During this time, Plaintiffs have hosted thousands of baseball teams, involving hundreds of thousands of players, families and relatives, coaches and umpires, including many teams from Long Island and all the way to California, Washington State and everywhere in between.

12.     In particular, since 1996, more than nine hundred teams from Long Island have made the drive to Cooperstown to take part in Plaintiffs' youth baseball camp.

13.     These baseball enthusiasts have enjoyed the sport of baseball and Plaintiffs' camp in the world-class Cooperstown Dreams Park youth baseball facility located in Cooperstown, New York ("Dreams Park").

14.     Dreams Park goods and services are advertised and promoted to youth sports teams, their families, coaches, umpires and enthusiasts throughout the country, including on Plaintiffs' websites at www.cooperstowndreamspark.com, cdpshop.com, dreamsparkphotos.com and live.cdptv.net.

15.     Cooperstown Properties is the owner of a federal registration in the United States Patent and Trademark Office for the mark DREAMS PARK, U.S. Reg. 4,193,608 and also a registration for COOPERSTOWN DREAMS PARK, U.S. Reg. No. 2,996,945; as well as two federal registrations for its principal design logo featuring the word mark COOPERSTOWN DREAMS PARK, U.S. Reg. Nos. 2,904,777 and 2,265,952 (collectively, the "Registered DREAMS PARK Marks").  True and correct copies of the Registered DREAMS PARK Marks are attached as Exhibit 1.  All of these registrations are incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

16.     In addition to the federally-registered marks described above, Plaintiff Cooperstown Properties owns common law rights in DREAMS PARK, DREAMS PARK TV,

4

COOPERSTOWN DREAMS PARK, and related marks through Plaintiffs' decades of advertising, investment and rendering of goods and services to youth baseball players and their families across the country. These extensive common law rights, together with the Registered DREAMS PARK Marks, are referred to as the "DREAMS PARK Marks."

17. Based on the longstanding use of the DREAMS PARK Marks and the substantial business Plaintiffs have established under such marks, the DREAMS PARK Marks are distinctive and possess substantial goodwill among consumers and the trade.

18. While Plaintiffs' business focuses on operating its Dreams Park youth baseball facility to the thousands of players, coaches and parents traveling across the nation to play in tournaments annually, there has also been substantial use of the DREAMS PARK Marks in connection with related goods and services.

19. For at least a decade, Plaintiffs have sold significant amounts of branded merchandise, including everything from collector pins for players to t-shirts for proud parents featuring the DREAMS PARK Marks.

20. DREAMS PARK TV started in 2008 and offers family members of the players an opportunity to stream baseball games from anywhere in the world.

21. In recent years, Plaintiffs have embraced modern technologies and now operate popular pages on various social media platforms, including Facebook @Dreams-Park-Baseball, with about 14,000 followers; Instagram @dreamsparkbaseball, with about 34,700 followers; YouTube @DreamsParkBaseball, with about 5,660 subscribers; and Tiktok @dreamsparkbaseball, with about 33,200 followers.

22. Upon information and belief, DPI began operating a mixed-reality theme park under the confusingly similar designation DreamPark earlier this year in Los Angeles, California.

5

23. Upon information and belief, DPI's website located at <visitdreampark.com> (the "Infringing Website") uses the infringing designation DreamPark to market "Outdoor Adventures Everyone Can Join – from 4 to 64." Below is a screenshot from the Infringing Website marketing the Santa Monica location:



24. On April 28, 2025, DPI filed an application to register DreamPark with the United States Patent and Trademark Office in connection with "Art exhibitions using virtual reality; Entertainment services, namely, providing immersive augmented and virtual reality experiences for recreational, cultural, or educational purposes; Organizing and conducting in-person events featuring immersive augmented and virtual reality entertainment; Rental of virtual reality and

augmented reality equipment for entertainment or educational use" in International Class 41, claiming a first use date of February 1, 2025 and first use in commerce date of April 28, 2025.

25. Upon information and belief, the specimen of use submitted with DPI's trademark application shows a prior version of the Infringing Website that allowed website visitors to click on links to "Host a Dream Park" or "Find Your City." A screen from DPI's trademark specimen is show below:



26. Upon discovering DPI's trademark application, Plaintiffs sent DPI's attorney a cease and desist letter in June of 2025.

27. Notwithstanding Plaintiffs' objections to the use of the infringing designation DreamPark, DPI has not only continued its use, but expanded that use to additional locations.

28. Upon information and belief, DPI opened a second location in Seattle, Washington and a third location in Long Island, New York (Westbury). The Infringing Website shows each of the three locations being branded as DREAMPARK [location name]:



29. Upon information and belief, DPI has "aggressive expansion plans" and plans to expand by "building the world's largest theme park," as stated in a press release issued earlier this year.

30. DPI's infringing DreamPark designation is confusingly similar to the DREAMS PARK mark, as the words they incorporate are virtually identical, with the DPI designation only differing by removing the letter "S." The meanings are also identical, as both evoke wonderment in an outdoor environment.

31. DPI's aggressive expansion has resulted in use of its infringing DreamPark designation being used in close association with three different geographic locations, namely Santa Monica, Seattle and now Long Island, making confusion even more likely with the COOPERSTOWN DREAMS PARK mark.

32. The DreamPark designation so closely resembles the DREAMS PARK Marks that, when used in connection with DPI's services, especially at multiple different geographic

locations, it is likely to cause dilution by blurring of the distinctive DREAMS PARK Marks. Due to the close similarity between the DREAMS PARK Marks and the designation Dream Park, consumers will likely associate DPI and/or DPI's services with Plaintiffs and/or Plaintiff's goods and services, which will impair the distinctiveness of the DREAMS PARK Marks.

33. DPI's activities have caused and will continue to cause irreparable harm to Plaintiffs and to the substantial goodwill embodied in of the DREAMS PARK Marks, and said acts will continue unless restrained by this Court.

34. Plaintiffs have no adequate remedy at law.

### FIRST CLAIM FOR RELIEF

**Federal Trademark Infringement of a Registered Trademark
(Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1))
Plaintiff Cooperstown Properties Against DPI**

35. Plaintiffs restate and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

36. Plaintiff Cooperstown Properties is the sole owner of the Registered DREAMS PARK Marks, as described above. The registrations are valid, subsisting, and incontestable.

37. DPI's use of the DreamPark designation in commerce has been and is likely to cause confusion, or to cause mistake or to deceive, and it constitutes infringement of the Registered DREAMS PARK Marks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

38. DPI's actions as described herein, have caused and are likely to cause confusion, mistake, and deception among consumers as to the affiliation, connection, or association of DPI with Plaintiff Cooperstown Properties, as to the true source of DPI's services, and as to the sponsorship or approval of DPI, the DreamPark theme parks, or their services by Cooperstown Properties.

39. DPI is neither affiliated nor associated with Cooperstown Properties or its products or services, and Cooperstown Properties neither approves nor sponsors DPI or its services, or the marketing in U.S. commerce of DPI's services.

40. DPI's actions have caused, and will continue to cause, irreparable harm to Cooperstown Properties unless permanently enjoined.

41. DPI's actions are causing and will cause Cooperstown Properties monetary damage in amounts presently unknown but to be determined at trial. Cooperstown Properties is also entitled to any profits made by DPI in connection with its infringing activities, together with pre-judgment interest on any monetary award.

42. DPI's infringement of the Registered DREAMS PARK Marks is deliberate, willful, and without extenuating circumstances, and constitutes a knowing use of Cooperstown Properties' Marks. DPI's infringement is thus an "exceptional case" within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), entitling Cooperstown Properties to an award of its reasonable attorneys' fees, costs and disbursements incurred in this action.

### SECOND CLAIM FOR RELIEF

**Use of False Designations of Origin**
**(Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A))**
**Plaintiffs Cooperstown Properties and Dreams Park, Inc. Against DPI**

43. Plaintiffs restate and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

44. DPI's actions, as described above, have caused, and will continue to cause, confusion, mistake and deception as to the source, affiliation, connection, sponsorship or endorsement of DPI's services.

45. As a result of DPI's improper and unauthorized actions, members of the consuming public and the trade have formed, or likely will form, the belief that DPI or its

DreamPark theme parks are affiliated with or endorsed by Plaintiffs or that Plaintiffs are the source or sponsor of DPI's services.

46. DPI's actions constitute unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

47. DPI's actions have caused, and will continue to cause, irreparable harm to Plaintiffs unless permanently enjoined.

48. DPI's actions are causing and will cause Plaintiffs monetary damage in amounts presently unknown but to be determined at trial. Plaintiffs are also entitled to any profits made by DPI in connection with its activities, together with pre-judgment interest on any monetary award.

49. DPI's wrongful use of the DREAMS PARK Marks is deliberate, willful, and without extenuating circumstances, and constitutes a knowing use of Plaintiffs' Marks. DPI's infringement is thus an "exceptional case" within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), entitling Plaintiffs to an award of their attorneys' fees, costs and disbursements incurred in this action.

### THIRD CLAIM FOR RELIEF

**Federal Unfair Competition
(15 U.S.C. § 1125(a))
Plaintiffs Cooperstown Properties Against DPI**

50. Plaintiffs restate and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

51. Plaintiff Cooperstown Properties own common law rights in the DREAMS PARK Marks and is the registrant of the Registered DREAMS PARK Marks.

52. DPI's actions as described herein, have caused and are likely to cause confusion, mistake, and deception among consumers as to the affiliation, connection, or association of DPI

and its DreamPark theme parks with Plaintiff Cooperstown Properties, as to the true source of DPI's services, and as to the sponsorship or approval of DPI, the DreamPark theme parks or its services by Cooperstown Properties.

53. DPI's actions violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54. DPI's actions have caused, and will continue to cause, irreparable harm to Plaintiffs unless permanently enjoined.

55. DPI's actions are causing and will cause Plaintiff monetary damage in amounts presently unknown but to be determined at trial. Plaintiff is also entitled to any profits made by DPI in connection with its activities, together with pre-judgment interest on any monetary award.

56. DPI's wrongful use of the DREAMS PARK Marks is deliberate, willful, and without extenuating circumstances, and constitutes a knowing use of Plaintiffs' Marks. DPI's infringement is thus an "exceptional case" within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), entitling Plaintiff to an award of their attorneys' fees, costs and disbursements incurred in this action.

## FOURTH CLAIM FOR RELIEF

**Trademark Dilution under New York General Business Law
(N.Y. GEN. BUS. LAW § 360-1)
Plaintiff Cooperstown Properties Against DPI**

57. Plaintiffs restate and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

58. Plaintiff Cooperstown Properties owns valid and existing rights in the DREAMS PARK Marks.

59. The DREAMS PARK Marks are distinctive within the State of New York and have been for many years prior to the first offering of services by DPI under the designation DreamPark.

60. Without authorization or license from either Plaintiff, DPI is using and intends to use the DreamPark designation in the State of New York in a manner that impairs the distinctive quality of the well-known DREAMS PARK Marks in the State of New York.

61. The acts and conduct of DPO alleged herein, occurred after the DREAMS PARK Marks became distinctive within the State of New York and constitute dilution by blurring in violation of New York General Business Law § 360-1.

## FIFTH CLAIM FOR RELIEF
### New York Common Law Trademark Infringement
### Plaintiff Cooperstown Properties Against DPI

62. Plaintiffs restate and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

63. Plaintiff Cooperstown Properties owns valid common law rights in the DREAMS PARK Marks.

64. There is a likelihood of confusion between the DREAMS PARK Marks and DPI's use of the designation DreamPark.

65. Plaintiff is likely to suffer harm from DPI's knowing and intentional use of the designation in such a manner as is likely to confuse and deceive the public into the mistaken belief that DPI's services and business are those of Plaintiffs or authorized, sponsored by or connected to Plaintiffs.

66. DPI's actions have caused, and will continue to cause, irreparable harm to Plaintiff unless permanently enjoined.

67. DPI's conduct is causing and will cause Plaintiff monetary damage in amounts presently unknown but to be determined at trial. Plaintiff is also entitled to any profits made by DPI in connection with their conduct, along with pre-judgment interest on any monetary award.

## SIXTH CLAIM FOR RELIEF

### New York Common Law Unfair Competition
### Plaintiffs Cooperstown Properties and Dreams Park, Inc. Against DPI

68. Plaintiffs restate and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

69. DPI's bad faith, unauthorized use of the designation DreamPark constitutes unfair competition by passing off, misappropriation and unprivileged imitation under common law.

70. DPI's actions have caused, and will continue to cause, irreparable harm to Plaintiffs unless permanently enjoined.

71. DPI's conduct is causing and will cause Plaintiffs monetary damage in amounts presently unknown but to be determined at trial. Plaintiffs are also entitled to any profits made by DPI in connection with its conduct, together with an award of pre-judgment interest on any monetary award and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court enter judgment in their favor and against Defendant and provide the following relief:

1. Permanently enjoining and restraining Defendant, its officers, agents, servants, employees, attorneys, successors or assigns, and all persons or entities acting in concert or participation with them or any of them, from the offering for sale, sale, advertising and/or promotion in the United States of any good or services in a manner that:

    (i) uses, incorporates or depicts in any way any of the DREAMS PARK Marks, any variations thereof, or any other designation that is confusingly similar to or dilutive of the DREAMS PARK Marks, including, but not limited to, the unauthorized DreamPark designation; and

      (ii)    any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public, or to deceive the trade or public into believing that Defendant's business or services are in any way associated or affiliated with or related to Plaintiffs or Plaintiffs' goods and services, or to dilute the distinctiveness of the DREAMS PARK Marks.

2. Requiring Defendant, their officers, agents, subsidiaries, servants, partners, employees, attorneys, and all others in active concert or participation with them, to deliver up for destruction all advertising, promotional or marketing materials, or other materials in their possession or control, that bear names or marks that violate Plaintiffs' rights in the DREAMS PARK Marks.

3. Requiring Defendant to pay over to Plaintiffs all damages sustained by Plaintiffs, and all profits earned by Defendant from its violative conduct under 15 U.S.C. § 1117(a).

4. Awarding Plaintiffs their reasonable attorneys' fees, costs, disbursements and pre-judgment interest pursuant to 15 U.S.C. § 1117(a), and other applicable law.

5. Awarding Plaintiffs punitive damages on their New York State claim for unfair competition.

6. Granting Plaintiffs such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all of their claims so triable.

Dated: August 25, 2025

DORSEY & WHITNEY LLP

By /s/ Bruce R. Ewing
   Bruce R. Ewing
   Fara S. Sunderji
   51 West 52nd Street
   New York, NY 10019
   Telephone: (212) 415-900
   ewing.bruce@dorsey.com
   sunderji.fara@dorsey.com

*Attorneys for Plaintiffs*
*Plaintiffs Cooperstown Properties, LLC and*
*Cooperstown Dreams Park, Inc.*